IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN J. BELLISTRI,

       Plaintiff,

v.                                                              No. 1:20-cv-00919-KG-SMV

SOCIAL SECURITY ADMINISTRATION
APPEALS COUNCIL,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR INJUNCTIVE RELIEF AND
## DISMISSING THE COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint and Request for Immediate Injunctive Relief, Doc. 1, filed September 9, 2020 ("Complaint").

The Complaint states: "The only issue in this Complaint … is the Social Security Administration has failed to provide Plaintiff with a viable copy of Plaintiff's entire record." Complaint at 1. The Albuquerque, New Mexico, Office of Hearings Operations attempted to provide Plaintiff's record to Plaintiff "by both e-mail and compact disc" but Plaintiff was unable to access his record due to technical problems with the emails and compact disc. Complaint at 1. Plaintiff needs his entire record to "effectively review the Administrative Law Judge's findings." Complaint at 1. Defendant has set a deadline of September 11, 2020, for Plaintiff to submit his response and additional information. *See* Complaint at 1. Plaintiff seeks an "injunction compelling the SSA to provide Plaintiff with the Entire Record, and a reasonable amount of time to review it upon receipt." Complaint at 2. Plaintiff states: "This is not an action for judicial review, and therefore not under Title II or Title XVI of the Social Security Act, but pertains to

social security income under Title XVI of the Social Security Act, and per 42 U.S.C. § 1383(c)(3)." Complaint at 2.

**Temporary Restraining Order**

Rule 65, which governs temporary restraining orders, states:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court denies Plaintiff's request for a temporary restraining order because: (i) the Complaint does not set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage ("harm") will result to Plaintiff before Defendant can be heard in opposition; and (ii) Plaintiff has not certified in writing any efforts he made to give notice[1] or the reasons why notice should not be required.

Plaintiff has not set forth specific facts showing that the harm will be immediate because the harm will not occur until Defendant issues an adverse ruling on Plaintiff's case. *See* Information Sheet for T.R.O. at 1, Doc. 2, filed September 9, 2020 (stating Plaintiff needs "additional time to review entire record *before [Defendant] makes a decision*") (*emphasis added*). Plaintiff has not set forth specific facts showing that the harm to Plaintiff resulting from an adverse ruling by Defendant is irreparable. The "final determination of the Commissioner of Social

---

[1] Plaintiff stated he did not notify Defendant because "I thought I filed at the Clerk's Office & then put Defendant on notice." Information Sheet for T.R.O. at 1, Doc. 2, filed September 9, 2020.

Security after a hearing [to determine eligibility or amount of benefits] shall be subject to judicial review.  42 U.S.C. § 1383(c)(3); *see Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 201) ("the general rule [is] that equitable relief is available only in the absence of adequate remedies at law"); *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) ("A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain").

**Preliminary Injunction**

Rule 65, which also governs preliminary injunctions, states: "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  To be entitled to entry of a preliminary injunction pursuant to Fed. R. Civ. P. 65, Plaintiff must establish that:

> (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (stating "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.").

The Court denies Plaintiff's request for a preliminary injunction because Plaintiff has not provided notice to Defendant and Plaintiff has not established that: (i) Plaintiff will suffer irreparable injury unless the injunction issues; (ii) the injunction would not be adverse to the public interest; and (iii) there is a substantial likelihood of success on the merits.

**Conclusion**

The Court dismisses the Complaint for failure to state a claim upon which relief can be granted.  The Court grants Plaintiff leave to file an amended complaint.

**Notice**

The Court notifies Plaintiff, who is proceeding *pro se*, of the following:

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

IT IS ORDERED that:

(i)   Plaintiff's request for injunctive relief is DENIED.

(ii)  The Complaint is DISMISSED without prejudice.

(iii) Plaintiff may, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(iv)  The Clerk shall send to Plaintiff a copy of the District of New Mexico's Local Rules of Civil Procedure and a copy of the Guide for Pro Se Litigants.

_____
UNITED STATES DISTRICT JUDGE